UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROY AUTRY**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-19-CV-00154-DCG** |
| **AHERN RENTALS, INC.,** *d/b/a Ahern* | § | |
| *Rentals and Sales*, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER REGARDING JURY INSTRUCTIONS AND VERDICT FORM

Earlier this afternoon, the Court held a hearing to consider the parties' objections to the revised drafts of the Jury Instructions and Verdict Form that the Court circulated this morning.

## I.     DEFENDANT'S OBJECTIONS

Defendant Ahern Rentals, Inc. argues that the Court should not submit a co-worker harassment instruction to the jury. Defendant maintains that Plaintiff Roy Autry has litigated this case as a *supervisor* harassment case, such that it would be unfair and confusing to instruct the jury on a *co-worker* harassment theory.

As far as the Court's research reveals, there is no binding precedent governing whether it is proper to submit a co-worker harassment instruction to the jury when the defendant introduces evidence at trial that one of the alleged harassers may not qualify as a "supervisor." None of the cases that Defendant has cited in support of its argument are on all fours with this case; nor are the cases that the Court has identified through its own independent research. *See, e.g.*, *Mason v. S. Ill. Univ. Carbondale*, 233 F.3d 1036, 1043-44 (7th Cir. 2000) (refusing to allow plaintiff to pursue co-worker harassment theory based on employees *other* than the employee that the plaintiff claimed was his supervisor); *Portis v. First Nat'l Bank of New Albany, MS*, 34 F.3d 325,

331-33 (5th Cir. 1994) (prohibiting plaintiff from pursuing hostile work environment claim that plaintiff neither asserted in her pleadings nor raised in the pretrial order); *Davis v. Lakeside Motor Co.*, No. 3:10-CV-405, 2014 WL 6606044, at *6-7 (N.D. Ind. Nov. 20, 2014) (holding, in the context of a motion *in limine*, that the plaintiff's complaint did not need to specify whether the plaintiff was pursuing a supervisor harassment theory or a co-worker harassment theory).

In the absence of binding precedent, the safest course of action is to overrule Defendant's objection and instruct the jury on the co-worker harassment theory. That way, if the Fifth Circuit ultimately concludes that this Court erred by submitting that theory to the jury, the Fifth Circuit can disregard the jury's answers to the Verdict Form questions pertaining to co-worker harassment and amend the judgment accordingly. If, by contrast, the Court does *not* instruct the jury regarding co-worker harassment, and the Fifth Circuit ultimately concludes that the Court reversibly erred by failing to do so, the Court and the parties will have to try this case again. The Court thus prefers to use the Jury Instructions and Verdict Form it circulated this morning, which includes the co-worker harassment instruction.

## II.     PLAINTIFF'S OBJECTIONS

Meanwhile, Plaintiff objects that the current draft of the Verdict Form does not permit the jury to find that Ahern employees Kevin Harley and Bob Bonacci harassed Plaintiff. The Court has revisited the trial transcripts—including the portions of the transcripts to which Plaintiff has directed the Court—and determined that the trial record does not contain sufficient evidence from which a jury could reasonably find that either Harley or Bonacci harassed Plaintiff. The Court thus declines to add Harley and Bonacci's names to the Verdict Form as Plaintiff requests.

### III.    CONCLUSION

The Court therefore proposes to submit the attached version of the Jury Instructions and Verdict Form to the jury tomorrow.  Tomorrow morning, the Court will allow the parties one final opportunity to register any objections to the Jury Instructions and Verdict Form that they did not raise in this afternoon's hearing.

**So ORDERED and SIGNED this 1st day of August 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROY AUTRY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **AHERN RENTALS, INC,** *d/b/a* | § | **EP-19-CV-00154-DCG** |
| **AHERN RENTALS AND** | § | |
| **SALES,** | § | |
| | § | |
| *Defendant.* | § | |

## INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to

- 1 -

you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## PLAINTIFF'S BURDEN OF PROOF

Plaintiff Roy Autry has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Roy Autry has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## DEFENDANT'S BURDEN OF PROOF

If you find that Plaintiff Roy Autry has proved his case by a preponderance of the evidence, you will need to consider whether the Defendant has proved the affirmative defense discussed below. Defendant Ahern Rentals, Inc. bears the burden of proving its affirmative defense by a preponderance of the evidence.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the

- 4 -

consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SUPERVISOR HARASSMENT (HOSTILE WORK ENVIRONMENT)

Plaintiff Roy Autry claims he was harassed based on his race and national origin by one or more of his supervisors and that his employer, Defendant Ahern Rentals, Inc., is responsible for the harassing conduct.

Defendant Ahern Rentals, Inc. denies the claims and contends that Plaintiff Roy Autry never complained to his supervisors or to

Ahern Rentals, Inc.'s Human Resources Department that he was being harassed because of his race and national origin.

It is unlawful for an employer to harass an employee because of that employee's race or national origin.

For Defendant Ahern Rentals, Inc. to be liable for harassment based on race or national origin, Plaintiff Roy Autry must prove by a preponderance of the evidence that one or more of his supervisors harassed him because of Plaintiff Roy Autry's race or national origin and that the harassment was sufficiently severe or pervasive to:

1.  alter the terms or conditions of Plaintiff Roy Autry's employment; and

2.  create a hostile or abusive work environment for Plaintiff Roy Autry.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Roy Autry's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff Roy Autry's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct because of race or national origin. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race or national origin, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff Roy Autry's race or national origin may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Roy Autry's perspective and from the perspective of a reasonable person. First, Plaintiff Roy Autry must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person

in the same or similar circumstances as Plaintiff Roy Autry would find the conduct offensive.

To be a "supervisor," the employer must have empowered the employee to make decisions about Plaintiff Roy Autry that effect a significant change in his work status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decisions causing a significant change in benefits. It is not enough to have the ability to exercise direction over Plaintiff Roy Autry's daily work.

If you find that Plaintiff Roy Autry was harassed because of his race or national origin, then you must find for Plaintiff Roy Autry unless Defendant Ahern Rentals, Inc. proves by a preponderance of the evidence that:

1. Defendant Ahern Rentals, Inc. exercised reasonable care to prevent and correct promptly the harassing behavior; and

2. Plaintiff Roy Autry unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant Ahern Rentals, Inc. or to avoid harm otherwise.

If Defendant Ahern Rentals, Inc. proves both elements, you must find for Defendant Ahern Rentals, Inc.

## CO-WORKER HARASSMENT (HOSTILE WORK ENVIRONMENT)

Plaintiff Roy Autry claims he was harassed based on his race and national origin by one or more of his co-workers and that his employer, Defendant Ahern Rentals, Inc., knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt remedial action.

Defendant Ahern Rentals, Inc. denies that Plaintiff Roy Autry was harassed by one or more of his co-workers.  In the alternative, Defendant Ahern Rentals, Inc. contends that even if Plaintiff Roy Autry was harassed by one or more of his co-workers, Ahern Rentals, Inc. neither knew nor should have known about the alleged harassment.

It is unlawful for an employer to fail to take remedial action when the employer knew, or should have known, that a coworker harassed an employee because of that employee's race or national origin.

For Defendant Ahern Rentals, Inc. to be liable for harassment on the basis of race or national origin, Plaintiff Roy Autry must prove by a preponderance of the evidence that one or more of his

co-workers harassed Plaintiff Roy Autry based on Plaintiff Roy

Autry's race or national origin and:

1.  the conduct was sufficiently severe or pervasive to:

    a.  alter the terms or conditions of Plaintiff Roy Autry's
        employment; and

    b.  create a hostile or abusive work environment for
        Plaintiff Roy Autry; and

2.  Defendant Ahern Rentals, Inc. knew, or in the exercise of
    reasonable care should have known, that Plaintiff Roy
    Autry was being harassed because of his race or national
    origin. To make this showing, Plaintiff Roy Autry must
    prove that:

    a.  the harassment was known by or communicated to
        a person who had the authority to receive, address,
        or report the complaint, even if that person did not
        do so, or the harassment was so open and obvious
        that Defendant Ahern Rentals, Inc. should have
        known of it; and

    b.  Defendant Ahern Rentals, Inc. failed to take prompt
        remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level

that altered the terms or conditions of Plaintiff Roy Autry's

employment, you should consider all of the circumstances,

including: the frequency of the conduct; its severity; whether it was

physically threatening or humiliating, or a mere offensive utterance;

and whether it unreasonably interfered with Plaintiff Roy Autry's

- 11 -

work performance.  There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on race or national origin. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race or national origin, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff Roy Autry's race or national origin may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiff Roy Autry's perspective and from the perspective of a reasonable person. First, Plaintiff Roy Autry must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the

alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Roy Autry would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

When you go into the jury room to deliberate, you may take with you a copy of this charge, and the exhibits that I have admitted into evidence. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

- 14 -

You may now proceed to the jury room to begin your deliberations.

**SIGNED on this 2nd day of August 2022, in El Paso, Texas**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ROY AUTRY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-19-CV-00154-DCG** |
| **AHERN RENTALS, INC,** *d/b/a* | § | |
| **AHERN RENTALS AND** | § | |
| **SALES,** | § | |
| | § | |
| *Defendant.* | § | |

## <u>VERDICT FORM</u>

**Question No. 1a:**

Has Plaintiff Roy Autry proved that **Curtis Torres** was one of his supervisors, as that term is defined on Page 9 of the Instructions to the Jury?

Answer "Yes" or "No."

_____

- 1 -

**Question No. 1b:**

Has Plaintiff Roy Autry proved that he was harassed because of his **race** by **Curtis Torres**?

Answer "Yes" or "No."

_____

**Question No. 1c:**

Has Plaintiff Roy Autry proved that he was harassed because of his **national origin** by **Curtis Torres**?

Answer "Yes" or "No."

_____

**Question No. 2a:**

Has Plaintiff Roy Autry proved that **Kevin Stock** was one of his supervisors, as that term is defined on Page 9 of the Instructions to the Jury?

Answer "Yes" or "No."

_____

**Question No. 2b:**

Has Plaintiff Roy Autry proved that he was harassed because of his **race** by **Kevin Stock**?

Answer "Yes" or "No."

_____

**Question No. 2c:**

Has Plaintiff Roy Autry proved that he was harassed because of his **national origin** by **Kevin Stock**?

Answer "Yes" or "No."

_____

**Question No. 3a:**

Has Plaintiff Roy Autry proved that **Anthony Buttshaw** was one of his supervisors, as that term is defined on Page 9 of the Instructions to the Jury?

Answer "Yes" or "No."

_____

**Question No. 3b:**

Has Plaintiff Roy Autry proved that he was harassed because of his **race** by **Anthony Buttshaw**?

Answer "Yes" or "No."

_____

**Question No. 3c:**

Has Plaintiff Roy Autry proved that he was harassed because of his **national origin** by **Anthony Buttshaw**?

Answer "Yes" or "No."

_____

Answer Questions 4 and 5 **only if one or more** of the following is true:

- You found that **Curtis Torres** was Plaintiff Roy Autry's supervisor (that is, you answered **yes** to Question 1a), **AND** you also found that Curtis Torres harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 1b, Question 1c, **or both**);

- You found that **Kevin Stock** was Plaintiff Roy Autry's supervisor (that is, you answered **yes** to Question 2a), **AND** you also found that Kevin Stock harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 2b, Question 2c, **or both**); or

- You found that **Anthony Buttshaw** was Plaintiff Roy Autry's supervisor (that is, you answered **yes** to Question 3a), **AND** you also found that Anthony Buttshaw harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 3b, Question 3c, **or both**).

Otherwise, **do not answer Questions 4 or 5**.

**Question No. 4:**

Has Defendant Ahern Rentals, Inc. proved that it exercised reasonable care to prevent and promptly correct the harassing behavior?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 4, then answer Question No. 5.

If you answered "No" to Question No. 4, then do **not** answer Question No. 5.

**Question No. 5:**

Has Defendant Ahern Rentals, Inc. proved that Plaintiff Roy Autry unreasonably failed to take advantage of or use available preventive or corrective opportunities provided by Defendant Ahern Rentals, Inc. or to avoid harm otherwise?

Answer "Yes" or "No."

_____

Answer Questions 6 and 7 **only if one or more** of the following is true:

- You found that Plaintiff Roy Autry **failed** to prove that **Curtis Torres** was Plaintiff Roy Autry's supervisor (that is, you answered **no** to Question 1a), **AND** you also found that Curtis Torres harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 1b, Question 1c, **or both**);

- You found that Plaintiff Roy Autry **failed** to prove that **Kevin Stock** was Plaintiff Roy Autry's supervisor (that is, you answered **no** to Question 2a), **AND** you also found that Kevin Stock harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 2b, Question 2c, **or both**); or

- You found that Plaintiff Roy Autry **failed** to prove that **Anthony Buttshaw** was Plaintiff Roy Autry's supervisor (that is, you answered **no** to Question 3a), **AND** you also found that Anthony Buttshaw harassed Plaintiff Roy Autry (that is, you answered **yes** to Question 3b, Question 3c, **or both**).

Otherwise, **do not answer Questions 6 or 7**.

**Question No. 6:**

Did Defendant Ahern Rentals, Inc. know, or in the exercise of reasonable care should Defendant Ahern Rentals, Inc. have known, that Plaintiff Roy Autry was being harassed based on his race or national origin?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 6, then answer Question No. 7.

If you answered "No" to Question No. 6, then do **not** answer Question No. 7.

**Question No. 7:**

Did Defendant Ahern Rentals, Inc. fail to take prompt remedial action?

Answer "Yes" or "No."

_____

**SIGNED on this \_\_\_ day of August 2022, in El Paso, Texas**

_____

Foreperson