IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ROY AUTRY,

      Plaintiff,

v.                                                          Cause No. 3:19-cv-00154-DCG

AHERN RENTALS, INC. dba
AHERN RENTALS AND SALES,

      Defendant.

PLAINTIFF'S POST-TRIAL BRIEF ON THE AVAILABILITY OF
PRE-JUDGMENT INTEREST

TO THE HONORABLE U.S. DISTRICT COURT, HON. GUADERRAMA, J:

Plaintiff Roy Autry ("Plaintiff") now files this Post-Trial Brief on the Availability of Pre-Judgment Interest, in response to the Court's "Order Requiring Briefing and Proposed Final Judgments", Ecf 157 ("Order"), showing as follows:

I.      BOTTOMLINE AUTHORITY.

The Court's Order requested briefing on whether "pre-judgment] interest should accrue on both compensatory and punitive damages, or on punitive damages alone". Ecf 157, p. 3.

The Fifth Circuit holds district courts should award pre-judgment interest on emotional distress damages in order to make the plaintiff whole, as follows:

> Prejudgment interest should apply to all past injuries, including past emotional injuries. Courts should award prejudgment interest whenever a certain sum is involved. Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole.

*Thomas v. Texas Dept. of Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002) (internal footnote citations omitted).

II.   THE FIFTH CIRCUIT HOLDS THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST ON EMOTIONAL DISTRESS DAMAGES AWARDED UNDER TITLE VII AND SECTION 1981

   A.   PRE-JUDGMENT INTEREST IS AVAILABLE UNDER TITLE VII AND SECTION 1981.

First, the statutory authority requires that **"[i]nterest shall be allowed on *any* money judgment in a civil case recovered in a district court."** 28 U.S.C. §1961(a) (*emphasis added*).

Although this statute does not explicitly reference pre-judgment interest, the Fifth Circuit holds the statute includes an award of pre-judgment interest in a Title VII case as "an appropriate exercise of the district court's authority to fashion relief which makes whole the injured party." *Parson v. Kaiser Aluminum Chemical Corp.*, 727 F.2d 473, 478 (5th Cir. 1984); *see also Sellers v. Delgado Community College*, 839 F.2d 1132, 1140 (5th Cir. 1988) ("This Circuit has consistently approved awards of prejudgment interest by the district court in Title VII cases so as to make whole the injured party.").

The Fifth Circuit also holds that pre-judgment interest is required in an award for a claim under 42 U.S.C. §1981. *Thomas v. Texas Dept. of Criminal Justice*, 297 F.3d 361, 373 (5th Cir. 2002) (citing *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1297 (7th Cir. 1987)).

   B.   THE FIFTH CIRCUIT HOLDS DISTRICT COURTS SHOULD INCLUDE PRE-JUDGMENT INTEREST IN AN AWARD BECAUSE REFUSING TO AWARD PREJUDGMENT INTEREST IGNORES THE TIME VALUE OF MONEY AND FAILS TO MAKE THE PLAINTIFF WHOLE.

Although courts most frequently award pre-judgment interest on back pay, *Bunch v. Bullard*, 795 F.2d 384, 399 (5th Cir. 1986) ("Prejudgment interest is available on back pay awards in Title VII cases."); *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir. 1995) (awarding pre-judgment interest on back pay); *Parson*, 727 F.2d at 478 (same), **the Fifth Circuit holds district courts should**

**award pre-judgment interest on emotional distress damages** in order to make the plaintiff whole, as follows:

> Prejudgment interest should apply to all past injuries, including past emotional injuries. Courts should award prejudgment interest whenever a certain sum is involved. Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole.

*Thomas*, 297 F.3d at 372 (internal footnote citations omitted).

While the decision to award pre-judgment interest on Title VII damages "rests within the sound discretion of the district court", *Sellers*, 839 F.2d at 1140 (citing *Bunch*, 795 F.2d at 399), for the purposes of making "the injured party whole by putting him in the same position he would have been in but for the violation", *Hadley*, 44 F.3d at 376, **the Fifth Circuit holds pre-judgment interest "should be included in" an award**, *Sellers*, 839 F.2d at 1140 (citing *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3515, 82 L.Ed.2d 824 (1984), *cert. dism'd*, 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 833 (1984)) (emphasis omitted); *Bunch*, 795 F.2d at 399, **"whenever a certain sum is involved", because "[r]efusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole"**, *Thomas*, 297 F.3d at 372.

Furthermore, an award of prejudgment interest is required for a claim under 42 U.S.C. §1981, *Thomas*, 297 F.3d at 373 (citing *Williamson*, 817 F.2d at 1297).

Although other circuits use a formulaic list of elements to determine whether a court will award pre-judgment interest, s*ee Wickham Contracting Co. v. Loc. Union No. 3*, 955 F.2d 831, 833-834 (2nd Cir. 1992) (*cited in the* Court's Order, Ecf 157, p. 2), the Fifth Circuit never adopted such a test. *Sellers*, 839 F.2d at 1140 (citing *Bunch*, 795 F.2d at 399). Instead, the Fifth Circuit leaves the decision to award interest on the sound discretion of district courts, yet additionally explains that district courts *should* include pre-judgment interest in an award, *Sellers*, 839 F.2d at 1140 (citing

*Pettway*, 494 F.2d at 263), "whenever a certain sum is involved" because "[r]efusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole", *Thomas*, 297 F.3d at 372, yet, further requires an award of prejudgment interest for a claims under 42 U.S.C. §1981, *Thomas*, 297 F.3d at 373 (citing *Williamson*, 817 F.2d at 1297).

III.  **THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST BASED ON THE FEDERAL PRIME RATE.**

"Under Title VII, prejudgment interest can be calculated at the federal rate of interest", *Wright v. Blythe-Nelson*, Civil Action No. 3:99-CV-2522-D, at *13 (N.D. Tex. Aug. 26, 2004) (citing *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (*per curiam*)), *i.e.*, the federal prime rate, *E.E.O.C. v. Serv. Temps, Inc.*, Civil Action No. 3:08-CV-1552-D, at *13-14 (N.D. Tex. Dec. 9, 2010).

The federal prime rate is not the only permissible interest rate, however. *See Williams*, 218 F.3d at 488 (holding that "the district court's imposition of a somewhat higher rate of interest (apparently based on the state interest rate), even if error, was not plain error affecting the fairness, integrity, or public reputation of judicial proceedings."). Specifically, district courts look "to Texas state law on post-judgment interest rate as guidance for prejudgment interest rate." *Johnson v. Sw. Research Inst.*, Civil No. 5-15-cv-00297-RCL, at *3 (W.D. Tex. May. 22, 2019).

Under Texas state law, the post-judgment interest rate -- and therefore the pre-judgment interest rate, *Johnson*, Civil No. 5-15-cv-00297-RCL, at *3 -- "is the prime rate as published by the Board of Governors of the Federal Reserve on the date of computation, unless that rate is less than five percent or greater than fifteen percent." *Johnson*, Civil No. 5-15-cv-00297-RCL, at *3 (quoting Tex. Fin. Code Ann. § 304.003(c)(1) (West 2019), internal quotation marks omitted). At

the time of filing this Brief, the Federal Prime Rate is 5.50%.[1] Selected Interest Rates (Daily), Board of Governors of the Federal Reserve System (May 21, 2019), https://www.federalreserve.gov/releases/h15/; *Wall Street Journal*, "Money Rates", https://www.wsj.com/market-data/bonds/moneyrates, accessed August 29, 2022.

For these reasons, the Court should award pre-judgment interest based on the Federal Prime Rate. *Johnson*, Civil No. 5-15-cv-00297-RCL, at *3; Tex. Fin. Code Ann. § 304.003(c)(1) (West 2019); *see also Williams*, 218 F.3d at 488 (accepting the use of the federal prime rate to calculate pre-judgment interest); *Wright*, Civil Action No. 3:99-CV-2522-D, at *13 (same); *Serv. Temps, Inc.*, Civil Action No. 3:08-CV-1552-D, at *13-14 (same).

## IV.   PRE-JUDGMENT INTEREST IS COMPUTED AS SIMPLE INTEREST.

Pre-judgment interest is computed as simple interest, rather than compound interest. *Perez v. Bruister*, 823 F.3d 250, 275 n. 34 (5th Cir. 2016) ("As a general rule prejudgment interest awards are simple interest awards, not compound interest awards.") (citing *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir.1988)); *Huggins v. Royalty Clearinghouse, Ltd.*, 121 F. Supp. 3d 646, 660 (W.D. Tex. 2015) ("Prejudgment interest is computed as simple interest.") (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998)).

## V.   THE COURT SHOULD AWARD PRE-JUDGMENT INTEREST CALCULATED FROM THE TIME OF DEFENDANT'S FIRST UNLAWFUL EMPLOYMENT ACTION.

In the Fifth Circuit, "prejudgment interest is ordinarily awarded from the date of loss." *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1028 (5th Cir. 1986). Under this standard, in a Title VII case, pre-judgment interest is calculated from the date of Defendant's unlawful

---

[1] The Federal Prime Rate is typically calculated by adding 3% to the Federal Funds Target Rate, which is set by the Federal Reserve and may change again on or about September 21, 2022. "United States Prime Rate", fedprimerate.com, accessed August 29, 2022.

employment action. *Thomas*, 297 F.3d at 372; *see also Harris v. Reneau Inc.*, Cause No. 2-20-CV-00849-MHH, at *16 (N.D. Ala. Jul. 30, 2021) ("Prejudgment interest accrues from the relevant period of discrimination at issue through the date of judgment.") (quoting *Krempasky v. Hendricks Restaurant Holdings LLC*, Civil Action No. 1:18-CV-4279-MLB- LTW, 2019 WL 11790570, * 5 (N.D.Ga. June 7, 2019) (citing *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000))).

In this case, the jury found Defendant harassed Plaintiff because of Plaintiff's race and national origin, in violation of Title VII and Section 1981. Ecf 149, pp. 1-2. Accordingly, the Court should award pre-judgment interest calculated from the time of Defendant's first unlawful employment action against Plaintiff on August 11, 2014 until the date of judgment. *Reeled Tubing, Inc.*, 794 F.2d at 1028; *Thomas*, 297 F.3d at 372; *Harris*, Cause No. 2-20-CV-00849-MHH, at *16; *Krempasky*, Civil Action No. 1:18-CV-4279-MLB- LTW, 2019 WL 11790570, * 5; *George*, 114 F.Supp.2d at 1300.

## VI.   THE COURT SHOULD AWARD PLAINTIFF PRE-JUDGMENT INTEREST, CALCULATED AT THE FEDERAL PRIME RATE, FROM AUGUST 11, 2014 UNTIL THE DATE OF JUDGMENT, TO MAKE PLAINTIFF WHOLE.

On August 3, 2022, the jury in this case returned a verdict in favor of Plaintiff, awarding One Hundred Thousand Dollars ($100,000.00) to Plaintiff as mental anguish damages and Four Hundred Thousand Dollars ($400,000.00) to Plaintiff as punitive damages, for a total of Five Hundred Thousand Dollars ($500,000.00). Ecf 153.

From Defendant's first unlawful employment action against Plaintiff -- August 11, 2014 -- until September 2, 2022, a period of 2,944 days (8.065753 years) has elapsed.

Accordingly, the Court should award Plaintiff pre-judgment interest on the mental anguish damages, from August 11, 2014 until the date of judgment, calculated at the federal prime rate, in

the amount of ($100,000 x 5.5% x 8.065753 years) **$44,361.64**, and award Plaintiff pre-judgment interest on the punitive damages in the amount of ($400,000 x 5.5% x 8.065753 years) **$177,446.57**, to make Plaintiff whole. 28 U.S.C. §1961(a); *Parson*, 727 F.2d at 478; *Sellers*, 839 F.2d at 1140; *Bunch*, 795 F.2d at 399; *Hadley*, 44 F.3d at 376; *Thomas*, 297 F.3d at 372-373; *Williamson*, 817 F.2d at 1297; *Pettway*, 494 F.2d at 263; *Williams*, 218 F.3d at 488; *Wright*, Civil Action No. 3:99-CV-2522-D, at *13; *Serv. Temps, Inc.*, Civil Action No. 3:08-CV-1552-D, at *13-14; *Johnson*, Civil No. 5-15-cv-00297-RCL, at *3; Tex. Fin. Code Ann. § 304.003(c)(1) (West 2019); *Perez*, 823 F.3d at 275 n. 34; *Whitfield*, 853 F.2d at 1306; *Huggins*, 121 F. Supp. 3d at 660; *Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 532; *Reeled Tubing, Inc.*, 794 F.2d at 1028; *Harris*, Cause No. 2-20-CV-00849-MHH, at *16; *Krempasky*, Civil Action No. 1:18-CV-4279-MLB- LTW, 2019 WL 11790570, * 5; *George*, 114 F.Supp.2d at 1300.

## VII.   POST-JUDGMENT INTEREST IS COMPOUNDED ANNUALLY, AND INCLUDES THE AMOUNT OWED FOR PRE-TRIAL INTEREST.

Post-judgment interest is compound annually. *Church of the Open Door of Waco v. Church Mut. Ins. Co.*, Civil 6:19-cv-00559-ADA, at *7-8 (W.D. Tex. May. 25, 2022) ("Federal law stipulates that post-judgment interest is calculated upon the Federal Reserve System published rate compounded annually from the date of the entry of judgment.") (citing 28 U.S.C. § 1961).

Additionally, an award of post-judgment interest includes post-judgment interest on the amount owed as pre-judgment interest. *Boston Old Colony Ins. v. Tiner Assoc. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (citing *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991)).

Plaintiff's proposed final judgment is attached as Exhibit A.

**SIGNED** on this 2nd day of September 2022.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's e-filing system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").