## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ROY AUTRY**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-19-CV-00154-DCG** |
| **AHERN RENTALS, INC.,** *d/b/a Ahern* | § | |
| *Rentals and Sales*, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION</u>

The Court previously conducted a jury trial in the above-captioned case. The jury entered a verdict in Plaintiff Roy Autry's favor on his hostile work environment claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Liab. Verdict, ECF No. 149; Damages Verdict, ECF No. 153. The jury ultimately awarded Plaintiff $100,000 in compensatory damages for past mental anguish and $400,000 in punitive damages. Damages Verdict at 1–2.

To help the Court draft its Final Judgment based on the jury's verdict, the Court asked the parties to submit proposed judgments and brief legal issues relating to the availability and calculation of prejudgment interest.[1] Briefing Order, ECF No. 157; *see also* Def.'s Br., ECF No. 158; Def.'s Proposed J., ECF No. 158-5; Pl.'s Br., ECF No. 159; Pl.'s Proposed J., ECF No. 159-1. Having reviewed the parties' helpful submissions and applicable case law, the Court now

---

[1] The Court continues to "assure[] the litigants that it will not construe a party's proposed final judgment to foreclose or waive any post-judgment challenge to the jury's verdict on liability or damages under Federal Rule of Civil Procedure 50 or 59 or otherwise." Briefing Order at 4; *see also* Def.'s Br. at 2 ("[A]s your order directed, a proposed form of judgment is also attached. We of course are not expressing agreement that this judgment should be entered.").

issues its Final Judgment.  The Court simultaneously issues this Memorandum Opinion to explain the judgment's terms.

## I.    PREJUDGMENT INTEREST

### A.    The Court Awards Prejudgment Interest on Compensatory Damages

The Court first asked the parties to brief whether the Court should award Plaintiff prejudgment interest at all.  Briefing Order at 1–2.  The Court now concludes that it should.

The Fifth Circuit has opined, in the context of a Title VII case like this one, that "[c]ourts should award prejudgment interest whenever a certain sum is involved.  Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole." *Thomas v. Tex. Dep't Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002).  At least some district courts within the Fifth Circuit apply that principle in Section 1981 cases as well.  *See, e.g.*, *Yarbrough v. Glow Networks, Inc.*, No. 4:19-CV-905, 2022 WL 1143295, at *2 (E.D. Tex. Apr. 18, 2022) (citing *Thomas*, 297 F.3d at 372).

Where, as here, a jury has awarded the plaintiff a specified sum of compensatory damages for past mental anguish, Damages Verdict at 1, Fifth Circuit precedent supports awarding prejudgment interest on those past emotional damages,[2] *see Thomas*, 297 F.3d at 372 ("Prejudgment interest should apply to all past injuries, including past emotional injuries . . . . Because the jury found that . . . Thomas suffered past emotional injuries, the district court was compelled to award prejudgment interest on those past injuries.").  The Court will therefore award Plaintiff prejudgment interest on his $100,000 compensatory damages award.

---

[2] The Court asked the parties to "brief whether the fact the jury did not award Plaintiff back pay affects whether prejudgment interest is available here."  Briefing Order at 2.  *Thomas* demonstrates that, at least in the Fifth Circuit, the answer to that question is "no."  297 F.3d at 372 ("District courts generally should calculate [prejudgment] interest on back pay *and past damages* . . . .") (emphasis added).

**B.      The Court Will Not Award Prejudgment Interest on Punitive Damages**

Plaintiff maintains that the Court should also award prejudgment interest on the jury's

*punitive* damages award.  *See* Pl.'s Br. at 7; Pl.'s Proposed J. at 2.  Defendant disagrees.  Def.'s

Br. at 1.

Plaintiff has not directed the Court to any authority that would support awarding

prejudgment interest on punitive damages.  *See* Pl.'s Br. at 7.  The persuasive authority the Court

has located suggests that prejudgment interest is *not* available for punitive damages awards in

Title VII and Section 1981 cases.  *See, e.g.*, *Warren v. Kemp*, No. 4:19-CV-00655, 2022 WL

1186698, at *2 (E.D. Ark. Apr. 21, 2022); *Flockhart v. Iowa Beef Processors, Inc.*, 192 F. Supp.

2d 947, 978 (N.D. Iowa 2001).  The Court will therefore award prejudgment interest on

Plaintiff's compensatory damages only.

**C.      The Court Will Calculate Prejudgment Interest Based on the Federal Prime Rate**

The Court also instructed the parties "to research and brief which interest rate the Court

should use if it ultimately awards prejudgment interest."  Briefing Order at 3.

No federal statute specifies what rate of prejudgment interest applies when a plaintiff

prevails on a claim under Title VII or Section 1981.[3]  Thus, courts in this Circuit commonly

consult state law when determining the appropriate prejudgment interest rate in such cases.[4]  In

particular, courts frequently use Texas Finance Code § 304.003—which, with exceptions not

---

[3] *See, e.g.*, *Yarbrough*, 2022 WL 1143295, at *2 ("42 U.S.C. § 1981 . . . is silent on the issue of prejudgment interest."); *Johnson v. Sw. Rsch. Inst.*, 384 F. Supp. 3d 722, 726 (W.D. Tex. May 23, 2019) (noting that "there is no federal law setting the prejudgment interest rate" in Title VII cases).

[4] *See, e.g.*, *Wesley v. Yellow Transp., Inc.*, No. 3:05-CV-2266, 2010 WL 3606095, at *2 (N.D. Tex. Sept. 16, 2010) ("In the absence of a federal statute that establishes the rate of prejudgment interest [in hostile work environment cases under Title VII or 42 U.S.C. § 1981], state law guides the court's discretion in determining the interest rate."); *Johnson*, 384 F. Supp. 3d at 726 (consulting state law in Title VII case); *Yarbrough*, 2022 WL 1143295, at *2 (consulting state law in 42 U.S.C. § 1981 case).

relevant here, "provides the applicable rate for calculating postjudgment interest" under Texas law[5]—to determine the prejudgment interest rate that applies in a Title VII or Section 1981 case.[6] Because neither party has directed the Court to any authority suggesting that the Court should do otherwise, *see* Pl.'s Br. at 4–5; Def.'s Br. at 1, the Court will do the same.

Section 304.003 bases the applicable interest rate on "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation."  TEX. FIN. CODE § 304.003(c).  If the prime rate is between 5% and 15%,[7] the Court must use the prime rate as the applicable interest rate.  *Id.* § 304.003(c)(1).

As of the date of this Memorandum Opinion, the prime rate is 6.25%.[8]  The Court will therefore use 6.25% as the prejudgment interest rate.  *See id.* § 304.003(c).

**D.    The Court Will Calculate Prejudgment Interest as Simple Interest Rather than Compound Interest**

Plaintiff concedes that the Court should calculate prejudgment interest as simple interest rather than as compound interest.[9]  *See* Pl.'s Br. at 5.  Therefore, the Court will do so.

---

[5] *Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 514 (Tex. App. 2018) (emphasis added); *see also* TEX. FIN. CODE § 304.003.

[6] *See, e.g.*, *Johnson*, 384 F. Supp. 3d at 727; *Yarbrough*, 2022 WL 1143295, at *2; *see also Siam*, 544 S.W.3d at 514 ("Section 304.003 of the Texas Finance Code provides the applicable rate for calculating postjudgment interest, and we look to that same interest rate in calculating prejudgment interest as well.").  *But see, e.g.*, *Wright v. Blythe-Nelson*, No. 399CV2522, 2004 WL 1923871, at *12 (N.D. Tex. Aug. 26, 2004) (using 28 U.S.C. § 1961 instead of TEX. FIN. CODE § 304.003 to calculate the applicable interest rate in a Title VII case).

[7] If the prime rate is less than 5%, the applicable interest rate is 5%.  TEX. FIN. CODE § 304.003(c)(2).  If the prime rate exceeds 15%, the applicable interest rate is 15%.  *Id.* § 304.003(c)(3).

[8] BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, *Selected Interest Rates (Daily)— H.15*, https://www.federalreserve.gov/releases/h15/ (last visited Sept. 26, 2022).

[9] Simple interest is "paid on the principal only and not on accumulated interest."  *Interest*, BLACK'S LAW DICTIONARY (11th ed. 2019).  Compound interest is "paid on both the principal and the previously accumulated interest."  *Id.*

**E.      The Court Will Calculate Prejudgment Interest from the Date Plaintiff Filed Suit**

Finally, the Court asked the parties to analyze which "time period the Court should use to calculate prejudgment interest."  Briefing Order at 3.  Plaintiff maintains that "the Court should award pre-judgment interest calculated from the time of Defendant's first unlawful employment action against Plaintiff on August 11, 2014"—which is the date he began working for Defendant, *see* Def.'s Trial Ex. 2, ECF No. 156-3—"until the date of judgment."  Pl.'s Br. at 6.  Defendant, by contrast, proposes that the Court should calculate prejudgment interest "starting on the date the complaint was filed (June 10, 2019)."  Def.'s Br. at 1; *see also* Compl., ECF No. 1.

The Fifth Circuit has opined that "[d]istrict courts generally should calculate interest on . . . past damages" in employment discrimination cases "based on the date of the adverse employment action."  *Thomas*, 297 F.3d at 372.  As at least one District Judge in this Circuit has recognized, however, a court "cannot easily calculate the date or dates of the adverse employment actions" where, as here, "liability is based on a series of actions that together create a hostile work environment," rather than a discrete action like an unlawful termination or demotion.  *Wright*, 2004 WL 1923871, at *12.  Perhaps for that reason, at least some courts in this Circuit calculate prejudgment interest on hostile work environment claims from the date the plaintiff filed suit.  *See, e.g.*, *Yarbrough*, 2022 WL 1143295, at *3; *Wesley*, 2010 WL 3606095, at *1-2 & n.5.  Other courts, by contrast, calculate prejudgment interest from the date of a particular incident of harassment.  *See Wright*, 2004 WL 1923871, at *12.

Here, the Court adopts Defendant's proposal to calculate prejudgment interest from the date Plaintiff filed suit, rather than Plaintiff's proposal to calculate interest from the date Plaintiff started working for Defendant.  As the parties are aware, the jury found by a preponderance of the evidence that Curtis Torres was the only Ahern employee who harassed Plaintiff.  *See* Liab.

Verdict at 2, 4, 6.  Based on its review of the unofficial trial transcript the Court Reporter has prepared for the Court, the Court cannot conclude that, from the very first day of Plaintiff's employment with Defendant on August 11, 2014, Torres subjected Plaintiff to harassment so severe and pervasive that it constituted a hostile work environment.  *See, e.g.*, *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (explaining that, when "determining whether harassment is sufficiently pervasive or severe," courts should consider (among other factors) "the frequency of the discriminatory conduct" (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017))).  The Court will therefore calculate prejudgment interest from June 10, 2019.

**F.      Calculation of Prejudgment Interest**

To summarize, the Court awards Plaintiff prejudgment interest on his $100,000 compensatory damages award (but not his $400,000 punitive damages) at a 6.25% interest rate running from June 10, 2019 to September 26, 2022, calculated as simple interest.  By the Court's calculations, that amount equals **$20,616.44**.

## II.      POSTJUDGMENT INTEREST

The Court also invited the parties to brief "[a]ny other legal issues that may affect the final judgment's content, whether pertaining to prejudgment interest or otherwise."  Briefing Order at 4.  Plaintiff has taken that opportunity to analyze certain issues pertaining to *postjudgment* interest, which the Court analyzes below.  *See* Pl.'s Br. at 7.

**A.      The Court Will Award Postjudgment Interest at the Statutorily-Specified Rate**

Neither party disputes that the Court should award Plaintiff postjudgment interest.  *See* Def.'s Proposed J.; Pl.'s Br. at 7–8; Pl.'s Proposed J. at 2.  The Court agrees that the applicable statute requires the Court to do so.  28 U.S.C. § 1961(a) ("Interest shall be allowed on any money

judgment in a civil case recovered in a district court."); *see also, e.g.*, *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013) ("Postjudgment interest is not discretionary . . . ."). As that statute requires, the Court will award postjudgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(b). Here, that rate is **3.91%**.

## B.   The Final Judgment Will Specify that Postjudgment Interest Will Compound Annually

Plaintiff urges the Court to specify in its final judgment that the postjudgment interest on Plaintiff's damages award is compound rather than simple. Pl.'s Br. at 7; Pl.'s Proposed J. at 2. The Court will do so because the statute governing postjudgment interest on federal money judgments explicitly specifies that such interest "shall be compounded annually." 28 U.S.C. § 1961(b).

## C.   Postjudgment Interest Accrues on Prejudgment Interest

The Court also agrees with Plaintiff that "an award of post-judgment interest includes post-judgment interest on the amount owed as pre-judgment interest." Pl.'s Br. at 7; *see also, e.g.*, *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) ("[T]his circuit has required that post-judgment interest at the federal rate be assessed against the pre-judgment interest.").

## III.   CONCLUSION

The Court will contemporaneously issue a final judgment consistent with this Memorandum Opinion.

**So ORDERED and SIGNED this 26th day of September 2022.**

**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**