UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROY AUTRY**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | **EP-19-CV-00154-DCG** |
| **AHERN RENTALS, INC.,** *d/b/a Ahern* | § | |
| *Rentals and Sales*, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND EXTENDING DEFENDANT'S DEADLINE TO FILE REVISED POSTTRIAL MOTION

Plaintiff Roy Autry has filed a "Rule 6(b)(2) Objection to Further Rule 50 / Rule 59 Post-Judgment Proceedings." Obj., ECF No. 174. He claims that the Court must vacate Defendant Ahern Rentals, Inc.'s "pending deadlines to file a subsequent [posttrial] motion and refuse to consider any further [posttrial] motions filed by Ahern." *Id.* at 1.

The Court **OVERRULES** Plaintiff's Objection.[1] The Court also *sua sponte* **EXTENDS** Defendant's deadline to file its revised posttrial motion to **February 24, 2023**.

## I.      BACKGROUND

After a jury entered a verdict against Defendant, *see* Liab. Verdict, ECF No. 149; Damages Verdict, ECF No. 153, the Court entered a Final Judgment in Plaintiff's favor on September 26, 2022, Final J., ECF No. 161. Defendant's posttrial motion challenging the Final Judgment was due 28 days after the Court entered it—*i.e.*, on October 24, 2022.[2] On that date,

---

[1] The Court need not await Defendant's response to the Objection.

[2] *See* FED. R. CIV. P. 50(b) ("No later than *28 days after the entry of judgment* . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request

Defendant timely moved under Federal Rules of Civil Procedure 50(b) and 59(e) for a judgment in its favor as a matter of law—or, in the alternative, to amend the judgment to delete the jury's punitive damages award.  JMOL Mot., ECF No. 165, at 1.

The Court determined that it would need to review the relevant portions of the trial transcript to evaluate the motion's substantive merits.  JMOL Order, ECF No. 169, at 1–2.  The Court couldn't do so because—at least at that time—Defendant hadn't ordered the trial transcript, and its posttrial motion thus contained no record citations.  *Id.* at 2; *see also* JMOL Mot. at 1–9.  While the Court noted that it "could deny Defendant's Motion on that ground alone," it instead commanded Defendant "to supplement its Motion with citations to the trial record."  JMOL Order at 3.  Thus, on November 1, 2022, the Court denied Defendant's posttrial motion without prejudice and ordered Defendant to (1) "revise its Motion to include specific citations to the trial record" and (2) "refile its revised motion by December 1, 2022."  *Id.* (emphasis omitted).

Defendant promptly contacted the Court Reporter on November 3, 2022 and asked her to prepare an official trial transcript.  1st Extension Order, ECF No. 172, at 1.  Due to the Court's heavy criminal and civil caseload, however, the Court Reporter could not complete the transcript before December 1, 2022.  *Id.*

Thus, on the day that deadline was set to expire, Defendant moved to extend the deadline to December 19, 2022.  Extension Mot., ECF No. 171.  Over Plaintiff's objection, the Court granted that motion in part.  1st Extension Order at 1–2.  The Court reasoned that Defendant had "diligently attempted to comply with the Court's November 1, 2022 [order]" by promptly contacting the Court Reporter, and that there was "nothing else Defendant could have done after

---

for a new trial under Rule 59." (emphasis added); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed *no later than 28 days after the entry of judgment*." (emphasis added)).

that date to obtain the transcript sooner" in light of "the Court Reporter's workload."  *Id.* at 2. However, "[a]fter conferring with its Court Reporter," the Court was "not convinced that granting Defendant its requested extension to December 19, 2022 would provide the Court Reporter enough time to prepare the transcript." *Id.*  Thus, rather than extending Defendant's deadline to December 19, 2022 as Defendant requested, the Court instead extended the deadline to January 23, 2023. *Id.*  Moreover, to give Defendant enough time to incorporate record citations into its revised motion, the Court ordered "its Court Reporter to complete and deliver the official trial transcript by January 9, 2023." *Id.* (emphasis omitted).

For reasons outside the Court's control, the Court Reporter was unable to complete the transcript by that date. 2d Extension Order, ECF No. 173.  Thus, on January 11, 2023, the Court *sua sponte* extended Defendant's posttrial motion deadline once more to February 6, 2023. *Id.*

As of today, the Court Reporter has completed only 4 of the 10 volumes of the trial transcript, despite her considerable efforts.  Part of the reason for the delay is because defendants in criminal cases have submitted numerous transcript requests, and the Court generally prioritizes requests for criminal trial transcripts because the requesters are often challenging their continued incarceration.  Based on her current assignments, the Court Reporter estimates that she won't finish the transcript in this case until February 10, 2023.

## II.    DISCUSSION

As noted, Defendant based its original request for posttrial relief on Federal Rules of Civil Procedure 50(b) (which governs renewed posttrial motions for judgment as a matter of law) and Rule 59(e) (which governs motions to alter or amend a judgment).  JMOL Mot. at 1.  Rules 50(b) and 59(e) explicitly require litigants to file such motions "[n]o later than 28 days after the entry of judgment."  FED. R. CIV. P. 50(b), 59(e).  Critically, Rule 6(b)(2) prohibits courts from

extending that 28-day deadline.  *See* FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) . . . [and] 59[(e)] . . . .").[3]

Here, Defendant timely filed its posttrial motion within 28 days of the judgment. *Compare* Final J., *with* JMOL Mot.  Plaintiff maintains, however, that because the Court denied that timely-filed motion without prejudice, the Court's order requiring Defendant to revise its motion to add record citations violated Rule 6(b)(2) because any revised motion Defendant ultimately files will be "outside the 28-day period."  Obj. at 3.  In Plaintiff's view, "once [Defendant]'s first timely-filed post-judgment motion was denied—even if it was denied 'without prejudice'"—this Court had "no authority to issue orders extending Rule 50 / Rule 59 post-judgment briefing timelines or entertain further proceedings" for posttrial relief.  *Id.* at 8.  If the Court wanted to preserve Defendant's ability to revise its motion to add transcript citations, Plaintiff argues, the Court should have instead "issued an order that *reserved a decision* on the first motion to reconsider judgment and allowed [Defendant] to supplement it, which would have preserved [Defendant's initial] motion's timeliness."  *Id.* at 6 (emphasis added) (cleaned up).  Because the Court instead *denied* Defendant's initial motion—albeit without prejudice—Plaintiff maintains that "the Court thereafter had no authority to authorize further post-judgment filings or otherwise extend the briefing deadlines under FED. R. CIV. P. 6(b)(2)."  *Id.*  Plaintiff thus insists that this Court must

---

[3] *See also, e.g.*, *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 251 F. Supp. 3d 285, 291–92 (D. Mass. 2017) ("[A]lthough the parties jointly moved to extend the deadline to file post-trial motions, and although the court granted by endorsement such a motion, neither the parties nor the court had the authority to do so per Federal Rule of Civil Procedure 6(b)(2) . . . . Because Perrigo's post-trial motions . . . were filed after the mandatory deadlines, which the court has no authority to extend, they are denied as untimely.").

(1)     "vacate the portion of its November 1, 2022, Order allowing [Defendant] to file a subsequent Rule 50 / Rule 59 post-judgment motion;"

(2)     "vacate all pending briefing deadlines related to that subsequent motion;" and

(3)     "refuse to consider any further Rule 50 / Rule 59 motions from [Defendant]."

*Id.* at 8.

## A.     The Court Overrules Plaintiff's Objection

The Court rejects Plaintiff's argument that Rule 6(b)(2) precludes Defendant from pursuing its revised posttrial motion.  Courts regularly order litigants to supplement their posttrial motions to incorporate citations to the trial transcript.[4]  Sometimes judges leave the posttrial motion pending while awaiting the movant's supplemental briefs,[5] but other times they deny the motion without prejudice to filing a renewed motion with record citations by a specified deadline.[6]  None of the cases cited in the surrounding footnotes suggests that requiring a litigant

---

[4] *See, e.g.*, *Warr v. Liberatore*, No. 13-CV-6508P, 2019 WL 3288148, at *3 (W.D.N.Y. July 22, 2019) ("Without the transcript and citation to the testimony upon which plaintiffs rely, the Court is unable to [assess the merits of the plaintiffs' posttrial motions] . . . . [P]laintiffs are ordered to supplement their post-trial motion with . . . [a] memorandum of law supported by specific citations to the trial record and accompanied by a trial transcript."); *Minjarez v. Wal-Mart Stores Tex., LLC*, No. 18-CV-00106, 2019 WL 2298701, at *1 (W.D. Tex. May 30, 2019) (Guaderrama, J.) (noting that this Court "ordered [the plaintiff] to file a supplemental brief" in support of her Rule 59 motion that "cite[d] to the specific portions of the trial transcript that support[ed] her argument").

[5] *See* the cases cited *supra* note 4.

[6] *See, e.g.*, *Lopez v. Ramirez*, No. 11 Civ. 0474, 2019 WL 3779277, at *2 (S.D.N.Y. Aug. 12, 2019) ("Plaintiff's brief did not contain any citations to the trial transcript.  Moreover, the transcript was not available to the Court because it had not been ordered by the parties . . . . Accordingly, *the Court denied Plaintiff's new trial motion without prejudice*, and ruled that Plaintiff could 're-file his motion and a brief with appropriate citations to the trial transcript by October 31, 2013.'" (emphasis added) (internal citations omitted)); *Fin. Cas. & Sur., Inc. v. Bonino*, No. 11-4316, 2014 WL 6471477, at *3 (D.N.J. Nov. 18, 2014) ("Because no record evidence has been provided, the 007 Defendants' motion for a new trial will be *denied without prejudice*.  Evidence in support of a renewed motion must be filed within 60 days." (emphasis added)).

to amend a timely-filed posttrial motion in either of those two ways amounts to an impermissible

judicial "extension" of that litigant's posttrial motion deadline under Rule 6(b)(2).[7]

To the contrary, persuasive authority suggests that, when a litigant amends a posttrial

motion that the court has not yet resolved on the merits, that amendment relates back to the

original motion's filing date for timeliness purposes.[8]  Defendant filed its posttrial motion on

---

[7] *See* the cases cited *supra* notes 4 and 6.

[8] *See, e.g., Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1271–72 (11th Cir. 2006) (holding that because the deadline "for filing a Rule 59 motion . . . cannot be extended," and because district courts have "the discretion to consider amendments to timely filed Rule 59 motions, it follows that an amended post-trial motion does not supersede the original for purposes of timeliness"); *Greer v. Works*, No. 4:01CV232Y, 2003 WL 21294710, at *1 n.1 (N.D. Tex. June 2, 2003), *aff'd sub nom. Greer v. Litscher*, 211 F. App'x 238 (5th Cir. 2004) ("The Court will deem the April 28 amended motion as timely under Rule 59(e), since Greer timely filed the original Rule 59(e) motion.").

The Court acknowledges that *Dresdner Bank* and *Greer* are potentially distinguishable from this case because the district courts in those cases did not deny the posttrial motion without prejudice before the movant amended it.  *Compare Dresdner Bank*, 465 F.3d at 1270–72, *and Greer*, 2003 WL 21294710, at *1, *with* JMOL Order.  *See also Fisher v. Kadant*, 589 F.3d 505, 511 n.2 (1st Cir. 2009) (citing *Dresdner Bank* for the proposition that "reserv[ing] decision on the first motion to reconsider and allow[ing] the plaintiffs to supplement it with a proposed amended complaint . . . would have preserved the motion's timeliness," but emphasizing that was "not what the district court did" in *Fisher*; "rather, it denied the motion"); *Martinez v. Carson*, 697 F.3d 1252, 1259 (10th Cir. 2012) (contrasting *Dresdner Bank* with *Fisher* on the ground that, in *Dresdner Bank*, "the court had not yet decided the motion").  The Court explains below why that distinction is not dispositive here.  *See infra* Sections II.A.1–2.

The Court also recognizes that "[c]ourts are divided on the question of whether an otherwise untimely amended motion for reconsideration . . . relates back to the date on which the original motion was filed."  *See In re J.A.R. Barge Lines, L.P.*, No. 03-163, 2007 WL 916876, at *3 (W.D. Pa. Mar. 23, 2007) (declining to take a position on that issue); *see also, e.g., JGB Enters., Inc. v. United States*, 71 Fed. Cl. 468, 470 (Fed. Cl. 2006) ("[T]he fact that plaintiff's original [Rule] 60(b) motion was timely filed . . . does not prevent plaintiff's amended motion from being time-barred."); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005) (affirming district court's order denying amended Rule 60(b) motion where movant filed his original motion before the one-year deadline expired, but then attempted to amend that motion after the one-year deadline expired).

The Fifth Circuit has not taken a position on that split in a published, precedential opinion involving the same procedural posture.  In *Hendrick v. Avent*, for example, the appellant unsuccessfully attempted to relate an untimely Rule 60(b) motion back to the date he filed a *complaint* that did not mention Rule 60(b) at all.  *See* 891 F.2d 583, 588–89 (5th Cir. 1990) ("[M]aking appellant's claim fit under the label of a Rule 60(b) motion would take . . . a relation back in time to the original complaint to fit within the time restraints.  The district court properly refused to perform such feats.").  Thus, unlike in this case, there was no timely post-judgment motion in *Hendrick* to which the appellant's untimely Rule 60(b) motion could relate back.  Nor was there a timely-filed Rule 59(e) motion to which the plaintiffs'

time, and this Court did not "extend" that deadline by merely requiring Defendant to add transcript citations to its existing filing.  Thus, whatever amended motion Defendant ultimately files will relate back to the initial motion for timeliness purposes.

Plaintiff's proposed dichotomy—*i.e.*, that it violates Rule 6(b)(2) to *deny* a posttrial motion with explicit permission to refile a revised motion with record citations, but it is perfectly permissible for the court to simply *wait* to rule on the motion and order the movant to "supplement" it with record citations—elevates form over substance.  *Contra* Obj. at 6.  In either scenario, the Court's intention—and the ultimate result—is exactly the same: the court declines to rule on the motion's merits until it can cross-check the movant's characterization of the trial record against the official transcript.  It would make no sense to honor that obvious intention when the court says it's "reserving a ruling" on the motion, but not when it says it's "denying the motion without prejudice to refiling."  *Cf. United States v. Smith*, 442 F.3d 868, 871 (5th Cir.

---

untimely Rule 59(e) motion could relate back in *Stacy v. Williams*, in which the plaintiffs unsuccessfully attempted to relate their untimely motion to amend a judgment to include attorney's fees back to a timely-filed *bill of costs*. *See* 446 F.2d 1366, 1367 (5th Cir. 1971).

This Court therefore sides with those that have concluded that an amended posttrial motion relates back to original motion for timeliness purposes—at least where, as here, the district court has not yet ruled on the motion's merits. *But see Daeda v. Sch. Dist. of Lee Cnty.*, 214 F. App'x 888, 889 (11th Cir. 2006) (holding that appellants could not amend a motion for relief from judgment that the district court had already denied on the merits).  Were the rule otherwise, then if—counterfactually—Defendant *had* promptly requested a transcript immediately after trial, but the Court Reporter did not complete the transcript before the posttrial motion deadline expired, Defendant could not amend its timely motion to add record citations once the transcript became available, as the amendment would be untimely.  Courts have wisely rejected that interpretation of the applicable Federal Rules, as it would penalize the movant for factors outside its control. *See, e.g., Calphalon Corp. v. Meyer Corp., U.S.*, No. CIV. S-05-0971, 2007 WL 2238194, at *1 (E.D. Cal. Aug. 2, 2007) ("[P]laintiff's [posttrial] motion does not contain a single citation to any part of the record of the eight-day trial.  At this point, it is not possible for the court to connect the errors asserted by plaintiff with the corresponding actions and rulings of the court. However, the court is aware that plaintiff *has* requested from the court reporter a copy of the trial transcript, but as of yet has not been provided with one.  Accordingly, the court will permit plaintiff to file an amended motion for a new trial, after having a reasonable amount of time to obtain the trial transcript and supplement its motion appropriately.").

2006) (opining, in a different context, that district judges need not "make talismanic incantations" when their "intent is otherwise apparent and unambiguous").

For that reason, at least one Court of Appeals has rejected an argument almost identical to the one Plaintiff advances here.  In *U.S. East Telecommunications, Inc. v. U.S. West Information Systems, Inc.*, the defendant filed a combined Rule 50(b)/Rule 59 motion before its deadline expired and before the trial transcript was complete.  15 F.3d 261, 262 (2d Cir. 1994).  "The trial judge concluded"—as this Court has concluded here—"that a copy of the trial transcript and a memorandum of law with transcript citations were necessary to permit an informed decision on the motion."  *Id.*  "Instead of reserving decision or holding the motion in abeyance while the transcript could be prepared," however, the district court instead "issued an Amended Scheduling Order" providing that the motion would be "withdrawn with leave to refile once a trial transcript ha[d] been produced and provided to the Court."  *Id.* (cleaned up).

After the defendant filed its renewed motion with trial transcript citations, the plaintiff "objected that the 'new' motion was time-barred."  *Id.*  "The trial judge declined to reject the 'renewed' motion as being out of time," explaining that his "direction that the motion be withdrawn and refiled was not intended, nor understood, to extend the time for filing of the motion; nor did it.  It was in effect an order directing that supplemented or amended papers be submitted with citations to the transcript."  *Id.* at 263.  The trial judge opined that, "[b]y seizing on the literal, and perhaps inapt, language chosen by the Court in the Rescheduling Order," the plaintiff was "seeking a tactical advantage by attempting to transform the Amended Scheduling Order into something it was not."  *Id.* (cleaned up).

The Second Circuit agreed "that the sole effect of the Amended Scheduling Order was to reserve decision" on the defendant's posttrial motion.  *Id.*  The Court of Appeals reasoned that

"[t]he 'renewed motion' was in effect the same motion which had remained undecided, supplemented by the transcript and additional arguments." *Id.* The trial judge was therefore "correct in treating the 'renewed motion' as an amendment or enlargement of the original motion," rather than as an impermissible extension of the defendant's posttrial motion deadline.

So too here. This Court's order commanding Defendant to "revise its Motion to include specific citations to the trial record," *see* JMOL Order at 3 (emphasis omitted), was "in effect an order directing that supplemented or amended papers be submitted with citations to the transcript," *see U.S. E.*, 15 F.3d at 263. It "was not intended . . . to extend the time for filing of the motion" in contravention of Rule 6(b)(2); "nor did it." *See U.S. E.*, 15 F.3d at 263. Thus, whenever Defendant ultimately refiles its posttrial motion, that motion will—at least for the purposes of the Federal Rules' 28-day deadline—be "the same motion which ha[d] remained undecided, supplemented by the transcript." *See id.*

Plaintiff nonetheless urges the court to follow various non-binding authorities that, in his view, support the opposite conclusion. As the Court explains, most of those cases are distinguishable in legally relevant respects, and the one that is harder to distinguish adopted Plaintiff's preferred conclusion without explicitly analyzing the relevant considerations and authorities.

### 1.    *Martinez*

Plaintiff first attempts to analogize this case to the Tenth Circuit's decision in *Martinez v. Carson*. *See* Obj. at 3–7. The defendants in *Martinez*—just like Defendant here—moved for a judgment in their favor notwithstanding an adverse jury verdict. No. 08-cv-1046, 2011 WL 13261991, at *1 (D.N.M. July 6, 2011). Also like Defendant here, the *Martinez* defendants "did not order and cite to the relevant portions of the trial transcript" to support their motion. *Id.* at

*1.  The district court accordingly denied the defendants' motion "without prejudice to re-filing with appropriate citations to the trial transcript." *Id.* at *2.  Unlike this Court, however, the district court in *Martinez* did not impose a specific deadline by which to file the amened posttrial motion.  *Compare id.* at *2, *with* JMOL Order at 3.

The defendants filed an amended post-judgment motion about a month later, which the district court denied on the merits.[9]  No. 08-cv-1046, 2011 WL 13174499, at *1–8 (D.N.M. Sept. 8, 2011).  The defendants then filed a notice of appeal within 30 days of the district court's order denying the *amended* post-judgment motion, but *not* within 30 days of the district court's order denying the *initial* motion.  *See* 697 F.3d at 1258–59; *see also* Fed. R. App. P. 4(a)(1)(A) (providing, with various exceptions, that a "notice of appeal . . . must be filed . . . within 30 days after entry of the judgment or order appealed from").

The Tenth Circuit concluded that the defendants' deadline "to file a notice of appeal began to run with the district court's dismissal of their *first* post-judgment motion," and that the defendants' appeal was therefore untimely.  697 F.3d at 1259 (emphasis added).  The Court of Appeals rejected the defendants' argument "that the dismissal of a party's post-judgment motion without prejudice, combined with an invitation to file an amended motion, renders the judgment non-final until some nebulous time in the future when the party may choose to file such an amended motion."  *Id.* at 1258.  The court emphasized that Rule 6(b)(2) forbids a district court from "extend[ing] the time to act under Rules 50(b) and 59(b)."  *Id.* at 1259.  The Tenth Circuit explained that a district court "may not avoid this rule by dismissing a first post-judgment motion without prejudice and extending an open-ended invitation for the moving party to file an

---

[9] The district court explicitly rejected the plaintiffs' claims that the amended motion was untimely.  *See* No. 08-cv-1046, 2011 WL 13174476, at *1–3 (D.N.M. Sept. 7, 2011) ("Defendants' renewed motion is a supplementation of the initial motion, and thus was timely filed.").  As discussed below, the Tenth Circuit ultimately disagreed.  *See* 697 F.3d at 1258–59.

amended motion *at some unknown point in the future*," as doing so would contravene "[t]he strict timeline" for posttrial motions "set forth in the rules of civil procedure." *Id.* at 1258–59 (cleaned up) (emphasis added). The court therefore determined that the defendants "had thirty days to appeal following the dismissal of their timely post-judgment motion, and their later filing of a second, untimely post-judgment motion d[id] not change the deadline." *Id.* at 1259.

Critically, however, the Tenth Circuit remarked that it might have reached the opposite decision "[i]f the district court had clearly reserved decision on the merits of the first post-judgment motion *or set a timeline for supplementation*." *Id.* (emphasis added). That is exactly what this Court did here. Rather than extending Defendant "an open-ended invitation" to file an amended posttrial motion "at some unknown point in the future," this Court expressly "set a timeline for supplementation" by ordering Defendant to "refile its revised motion by" a specific date—albeit a date that the Court has moved several times for reasons outside of Defendant's control.[10] This case therefore falls within the exception that *Martinez* expressly contemplated.

### 2.    *Fisher*

The same goes for the First Circuit's decision in *Fisher v. Kadant*. *Contra* Obj. at 6–7. The district court in *Fisher* dismissed the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) and entered judgment accordingly. 589 F.3d at 507. The plaintiffs moved to alter or amend that judgment under Rule 59(e) before their deadline to do so expired—which,

---

[10] *Compare Martinez*, 697 F.3d at 1259, *with* JMOL Order at 3 (ordering Defendant to "refile its revised motion by December 1, 2022" (emphasis omitted), *and* 1st Extension Order at 2 (extending that deadline to January 23, 2023), *and* 2d Extension Order (further extending that deadline to February 6, 2023).

under the version of Rule 59(e) that existed at that time, was 10 days after judgment instead of 28 days.  *Id.* at 508, 511.

Although the district court denied the plaintiffs' motion because they "had failed to proffer a proposed amended complaint along with their motion," *id.* at 508, it did so "without prejudice to filing a renewed motion to amend supported by a proposed amended complaint."[11] Like the district court in *Martinez*, however, the district court in *Fisher* did not give the plaintiffs a specific deadline by which to renew their motion.[12]

The plaintiffs filed a renewed motion seeking the same relief, but this time attaching a proposed amended complaint as an exhibit.  589 F.3d at 508.  The plaintiffs filed the renewed motion "within ten days of the denial of the first motion for reconsideration,"[13] but more than 10 days after the judgment.  *Id.* at 511.  After the district court denied the plaintiffs' renewed motion on the merits, *see* No. 1:07-cv-12375, 2009 WL 10706001, at *1–3 (D. Mass. Mar. 3, 2009), the plaintiffs appealed, 589 F.3d at 508.

Because "the plaintiffs' second (renewed) motion for reconsideration . . . was not filed within the ten-day window that opened following the entry of judgment," the First Circuit held that the district court had no "authority to consider it under Rule 59(e)"—even though the district court had denied the initial motion without prejudice and invited the plaintiffs to renew their

---

[11] Order, *Fisher v. Kadant, Inc.*, No. 1:07-cv-12375 (D. Mass. Jan. 12, 2009), ECF No. 50 [hereinafter *Fisher Dist. Ct. Order*] (emphasis omitted).

[12] *Compare id.*, *with Martinez*, 697 F.3d at 1259.

[13] Although there's technically no such thing as a "motion for reconsideration" *per se*, *see, e.g.*, *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."), judges and litigants often use that term as shorthand to refer to motions to alter or amend a judgment under Rule 59(e) and other motions for relief from a judgment under the Federal Rules, *see, e.g.*, *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 n.1 (5th Cir. 2002).

motion.  *Id.* at 511.  "The fact that [the renewed motion] was filed within ten days of the denial of the first motion for reconsideration ma[de] no difference" to the *Fisher* court.  *Id.*  The court thus reconstrued the plaintiffs' second motion as a motion for reconsideration under a different Rule with less stringent timing requirements and ultimately denied it.[14]

In a footnote, the First Circuit remarked that the district court could have "*reserve[d] decision* on the first motion to reconsider and allow the plaintiffs to supplement it with a proposed amended complaint."  *Id.* at 511 n.2 (emphasis added).  Doing so, the First Circuit opined, "would have preserved the motion's timeliness."  *Id.*  However, that was "not what the district court did; rather, it *denied* the motion."  *Id.* (emphasis added).  The First Circuit reasoned that "[t]he fact that the order specified that the denial of the first motion was 'without prejudice' did not render the second motion timely."  *Id.*

The *Fisher* court explicitly emphasized, however, that the plaintiffs had "not argued that the district court's order was the *functional equivalent* of allowing supplementation" of the first motion.  *Id.* (emphasis added).  Here, by contrast, this Court's order denying Defendant's initial motion *was* "the functional equivalent of allowing supplementation."  *Contra id.*  Rather than simply "deny[ing] Defendant's Motion on th[e] ground" that Defendant had not cited the trial transcript, the Court explicitly "*require[d]* Defendant to supplement its Motion with citations to the trial record."  JMOL Order at 3 (emphasis added).  And unlike the district courts in both

---

[14] *See* 589 F.3d at 511–14 ("[T]he plaintiffs' second motion for reconsideration, when viewed as a Rule 60(b) motion, was timely . . . . [T]here are no exceptional circumstances here such as would justify the granting of extraordinary relief [under Rule 60(b)]."); *see also, e.g.*, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("The rule under which [a motion to reconsider a prior ruling] is considered is based on when the motion was filed.  If the motion was filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." (internal citations omitted)).

*Fisher* and *Martinez*, this Court "set a timeline for supplementation"—a fact that, as *Martinez* expressly suggests, makes this "a different case."[15]

### 3.      *iiiTec*

Plaintiff also argues that the Fifth Circuit's recent decision in *iiiTec, Ltd. v. Weatherford Technology Holdings, L.L.C.*, No. 22-20076, 2022 WL 17960462 (5th Cir. Dec. 27, 2022) supports his Objection, *see* Obj. at 4, 6–7.  As an unpublished opinion, *iiiTec* is not binding Fifth Circuit precedent.  *See* 5TH CIR. L.R. 47.5.4 (providing, with exceptions not relevant here, that "[u]npublished opinions issued on or after January 1, 1996, are not precedent").  Nevertheless, this Court often follows unpublished Fifth Circuit decisions because they indicate how the Fifth Circuit might rule in a future, precedential opinion.  *Cf., e.g.*, *Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 567 (5th Cir. 2015) (following an unpublished Fifth Circuit opinion as "persuasive authority" while acknowledging that the unpublished case was "not binding circuit precedent").

As background, filing a motion to alter or amend a judgment under Rule 59 causes the aforementioned 30-day notice of appeal deadline to run from the date the court disposes of the motion instead of from judgment date—but only if the movant files the Rule 59 motion timely.[16]

---

[15] *Compare Martinez*, 697 F.3d at 1259, *and Fisher Dist. Ct. Order*, *with* JMOL Order at 3 ("order[ing] Defendant" to "refile its revised motion by December 1, 2022" (emphasis omitted)).

[16] *Compare* FED. R. APP. P. 4(a)(1)(A) (stating that, "*except as provided in Rule[] . . . 4(a)(4)*, the notice of appeal . . . must be filed . . . within 30 days after entry of the judgment or order appealed from" (emphasis added)), *with* FED. R. APP. P. 4(a)(4)(A) (providing that "[i]f a party files in the district court" a motion "to alter or amend the judgment under Rule 59"—*and "does so within the time allowed by" that Rule*—"the time to file an appeal runs for all parties from the entry of the order disposing of the . . . motion" (emphasis added)).

*See also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("The filing of a Rule 59(e) motion within the 28-day period suspends the finality of the original judgment for purposes of an appeal. Without such a motion, a litigant must take an appeal no later than 30 days from the district court's entry of judgment.  But if he timely submits a Rule 59(e) motion, there is no longer a final judgment to appeal

- 14 -

On July 23, 2021—the day the *iiiTec* plaintiff's 28-day deadline to file a Rule 59 motion was set to expire—the plaintiff filed two motions:

    (1)    A motion for leave to file a "Motion to Reconsider" the district court's final judgment under Rules 59 and 60[17] that substantially exceeded the court's page limit; and

    (2)    A separate, shorter motion to alter, amend, or reform the judgment under Rules 59 and 60 that complied with the applicable page limit.[18]

The district court denied the motion to exceed the page limit on October 4, 2021 because the plaintiff "fail[ed] to state any substantive reasons why more than twenty-five pages [we]re needed to brief" the plaintiff's reconsideration motion.[19]  In that same order, the court determined that the plaintiff's separate, shorter motion was "nothing more than an additional attempt to circumvent the court's page limit" and struck the shorter motion accordingly.[20]  The court gave the plaintiff until November 18, 2021 "to file one motion of no more than twenty-five pages."[21]

      Accepting the district court's invitation, the plaintiff filed a renewed reconsideration motion that complied with the applicable page limit on November 2, 2021.  No. 4:19-cv-03386, 2022 WL 138030, at *8 (S.D. Tex. Jan. 14, 2022).  Invoking Rule 6(b)(2)'s prohibition against

---

from.  Only the disposition of that motion restores the finality of the original judgment, thus starting the 30-day appeal clock." (cleaned up)).

[17] Defendant here is not seeking relief under Rule 60, *see* JMOL Mot. at 1–9, so the Court will not discuss that Rule further.

[18] *See* Order at 2, *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. 4:19-cv-03386 (S.D. Tex. Oct. 4, 2021), ECF No. 191 [hereinafter *iiiTec Dist. Ct. Order*]; Pl.'s Opposed Mot. to Alter, Amend, Reform J., *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. 4:19-cv-03386 (S.D. Tex. July 23, 2021), ECF No. 185.

[19] *iiiTec Dist. Ct. Order* at 4.

[20] *Id.* at 3–4.

[21] *Id.* at 4.

extending a litigant's deadline to file a Rule 59(e) motion, the defendants attacked the renewed

motion as untimely because the plaintiff filed it outside Rule 59(e)'s 28-day window. *Id.*

Rejecting the defendants' argument, the district court opined that its "order directing [the

plaintiff] to refile its motion to reconsider in a form that complie[d] with the court's page limits

did not extend the time for filing a Rule 59(e) motion in violation of Rule 6(b)(2)." *Id.* Because

the plaintiff filed its initial motion before its 28-day deadline expired, the district court

determined that the corrected motion related back to the timely-filed motion. *Id.* The district

court therefore declined to deny the corrected motion as untimely, and instead denied the motion

on its merits on January 14, 2022. *See id.*

The plaintiff then filed a notice of appeal on February 10, 2022—a date within 30 days of

the district court's order denying the *second* reconsideration motion, but more than 30 days after

the district court struck the *first* reconsideration motion. 2022 WL 17960462, at *1. The Fifth

Circuit dismissed the plaintiff's appeal as untimely. *Id.* at *1–2. The Court of Appeals reasoned

that the plaintiff's corrected Rule 59 motion did not toll the 30-day notice of appeal deadline

because the plaintiff filed it outside Rule 59(e)'s 28-day window. *Id.* at *1; *see also* FED. R. APP.

P. 4(a)(4)(A) (specifying that a Rule 59(e) motion only tolls the notice of appeal deadline if the

movant files the motion "within the time allowed by" Rule 59(e)). Citing Rule 6(b)(2), the court

explained that a Rule 59 motion "is timely if filed no later than '28 days from entry of the

judgment, *with no possibility of extension*.'" 2022 WL 17960462, at *1 (emphasis added)

(quoting *Banister*, 140 S. Ct. at 1703, which in turn cited FED. R. CIV. P. 6(b)(2)). Even though

the district court had purported to give the plaintiff until November 18, 2021 to file a renewed

Rule 59 motion, and even though the plaintiff filed its renewed motion before that deadline, the

Fifth Circuit determined that the renewed motion was nonetheless "untimely for exceeding the

strict 28-day period to file." *Id.*  Plaintiff thus interprets *iiiTec* to hold that whenever a district court rejects a timely postjudgment motion on procedural grounds, Rule 6(b)(2) bars the movant from filing an amended motion outside the 28-day window that corrects that defect, even if the district court purports to grant the movant permission to do so.  *See* Obj. at 4–7.

The *iiiTec* panel apparently accepted the implicit assumption that whenever a district court strikes a timely Rule 59 motion without reaching its merits for exceeding the court's page limits, any order purporting to allow the movant to file a corrected motion within a specified number of days violates Rule 6(b)(2)'s prohibition on extending Rule 59(e)'s 28-day deadline.  *See* 2022 WL 17960462, at *1.  In making that assumption, however, the *iiiTec* panel did not acknowledge or analyze a published opinion from another Court of Appeals rejecting that very assumption: *Lexon Insurance Co. v. Naser*, 781 F.3d 335 (6th Cir. 2015).  *See iiiTec*, 2022 WL 17960462, at *1.

In *Lexon*—as in *iiiTec*, and as in this case—the defendant timely moved under Rule 59(e) to amend an adverse judgment.  781 F.3d at 337.  Like the motion in *iiiTec*, the *Lexon* defendant's motion exceeded the applicable page limits.  *Id.*  The district court therefore struck the defendant's motion and gave him "seven days to file a revised motion."  *Id.*  The defendant filed a revised motion within that seven-day window, but more than 28 days after the judgment. *Id.*

Within 30 days after the district court denied the defendant's corrected motion on the merits—but more than 30 days after the district court struck the defendant's initial motion—the defendant appealed.  *Id.* at 337, 340.  The plaintiff insisted that the defendant's appeal was untimely.  *Id.* at 337–38.  It emphasized that a Rule 59(e) motion only tolls the notice of appeal deadline if it's timely, and that Rule 6(b)(2) bars district courts from extending Rule 59(e)'s 28-

day deadline. *See id.* at 338; *see also* FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 6(b)(2). Even though the district court explicitly purported to grant the defendant permission to file a corrected motion within seven days, and even though the defendant met that deadline, the plaintiff maintained that the defendant's amended Rule 59 motion was nonetheless untimely because the defendant filed it more than 28 days after the judgment. *See* 781 F.3d at 338. The plaintiff therefore argued that the district court's order striking the original motion "dispos[ed] of" the motion, and that defendant's appeal deadline accordingly ran from the date the district court struck the *original* motion—not the date the court denied the *amended* motion on the merits. *See id.*; *see also* FED. R. CIV. P. 4(a)(4)(A) (specifying that "the time to file an appeal runs for all parties from the entry of the order *disposing of* the last . . . remaining motion" (emphasis added)).

The Sixth Circuit disagreed. It explained that "[t]he district court did not 'dispose of' [the defendant's] timely . . . motion in its . . . order rejecting the motion as too long and giving [him] seven days to resubmit the (abridged) motion." 781 F.3d at 338 (cleaned up). "To 'dispose of' a motion, a court must act in a way that 'indicates an intention that the act be final,'" and "[t]here was nothing 'final' about" the district court's order striking the motion. *Id.* (internal citations omitted). That order "did not indicate that the court had finally disposed of [the] Rule 59 motion but instead indicated that the court would review the motion when [the defendant] 'revised' it to comply with the district court's page-length rules." *Id.* The Sixth Circuit therefore determined that the district court "did not dispose of the . . . motion"—and thereby restart the appeal deadline's clock—"until its . . . order deciding the issues on the merits." *Id.* at 339. Because the defendant filed his appeal within 30 days of the latter order, the defendant "properly perfected his appeal." *Id.* at 340. In other words, held the *Lexon* court, "an unduly long motion

and brief may satisfy the timing requirements of a Civil Rule 59 filing so long as they are

resubmitted in proper form shortly afterwards." *Id.* at 339.

Without acknowledging *Lexon* or analyzing the issue in depth, the *iiiTec* panel reached

the opposite conclusion that:

(1)     An order striking a Rule 59 motion for exceeding the page limits *does*
        "dispose of" that motion for the purposes of restarting the notice of appeal
        clock;[22] and

(2)     Once a district court strikes a timely Rule 59 motion for noncompliance
        with the court's procedural rules, any corrected motion the movant files
        outside the 28-day window is untimely, even if the district court explicitly
        authorized the movant to file a corrected motion by a specified deadline.[23]

Nor did the *iiiTec* court acknowledge that it was deepening an existing circuit split on this issue.

The First Circuit has explicitly declined to follow *Lexon* and has instead reached a decision

similar to the Fifth Circuit's ruling in *iiiTec*.[24]

As noted, this Court ordinarily follows unpublished Fifth Circuit opinions even though

they're non-binding.  However, because *iiiTec* took a side on a circuit split without mentioning

the split of authority or analyzing the issue in depth, this Court is uncertain whether another

---

[22] *See iiiTec*, 2022 WL 17960462, at *1 ("[W]hen the court struck iiiTec's motion to alter on October 4, the deadline to appeal reset to thirty days later on November 3.").

[23] *See id.* ("[T]he district court granted iiiTec 45 days 'to file one motion of no more than twenty-five pages' . . . . Under Rule 59, the motion was untimely for exceeding the strict 28-day period to file.").

[24] *See Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 58 & n.6 (1st Cir. 2016) ("[A]t least barring any sort of contrary contextual indicators in the local rules or in the district court's interpretation of those rules, a district court's order striking a Rule 59(e) motion from the record for noncompliance with local rules is an order disposing of that motion, such that the order's entry represents the beginning of the 30-day window for appealing the judgment that forms the underlying subject of the Rule 59(e) motion . . . . We recognize that the Sixth Circuit's opinion in *Lexon* . . . declined to treat a district court's order striking a noncompliant Rule 59(e) motion as an order 'disposing of' that motion where the order invited re-filing and so 'lacked the requirements of finality integral to an order "disposing of" a motion.' *Lexon*, however, rejected the proposition that we here assume to be true—that even an expressly invited revision of a timely but noncompliant motion that has been struck from the record does not relate back to the date of the original, timely motion." (internal citations omitted)).

panel of the Fifth Circuit would reach the same conclusion if it addressed the issue in a future published, precedential opinion.  *Cf. Durr v. Cordray*, 602 F.3d 731, 735–36 (6th Cir. 2010) (declining to follow "an unpublished, two-page [Sixth Circuit] opinion" that "engaged in only limited analysis and did not discuss the sharp circuit split that existed on th[e] issue").  This Court will therefore follow whichever non-binding authority it finds the most persuasive.

At least on the facts of this case, that authority is *Lexon*.  Here, as in *Lexon*, the Court's order denying Defendant's initial motion without prejudice "did not indicate that the court had finally disposed of" that motion, "but instead indicated that the court would review the motion when [Defendant] 'revised' it to" add record citations.[25]  *Compare Lexon*, 781 F.3d at 338, *with* JMOL Order.  Thus, just as the corrected motion in *Lexon* "satisfied the timing requirements of a Civil Rule 59 filing" when the movant "resubmitted [it] in proper form," Defendant's corrected posttrial motion will relate back to its initial motion for timeliness purposes whenever Defendant revises the motion to add transcript citations.  *See Lexon*, 781 F.3d at 339.

### 4.      Conclusion

This Court clearly meant to give Defendant an opportunity to amend its existing motion to add record citations.  *See* JMOL Order at 3 (requiring Defendant "to supplement its Motion with citations to the trial record").  The Court rejects Plaintiff's contention that, just because the

---

[25] That fact distinguishes this case from *Al-Qarqani v. Saudi Arabian Oil Co.*—which, unlike *iiiTec*, is a published Fifth Circuit opinion that this Court must follow.  *See* 19 F.4th 794, 798–99 (5th Cir. 2021).  In *Al-Qarqani*, the district court struck the plaintiffs' motion for reconsideration for failing to comply with a local rule requiring movants to submit a certificate of conference and a proposed order. Order Striking Document, *Al-Qarqani v. Arab Am. Oil Co.*, No. 4:18-cv-01807 (S.D. Tex. Dec. 23, 2020), ECF No. 137.  Critically, however, the district court did not authorize the plaintiffs to submit a corrected reconsideration motion by a specified deadline.  *See id.*  Thus, unlike in *Lexon*—and unlike here—the district court in *Al-Qarqani* did *not* "indicate[] that the court would review the motion when [the movant] 'revised' it to comply with the district court's . . . rules."  *Contra Lexon*, 781 F.3d at 338.  The Fifth Circuit therefore determined that the district court's strike order finally "dispos[ed] of" the plaintiffs' reconsideration motion for the purposes of restarting the notice of appeal clock.  *See* 19 F.4th at 798–99 ("The filing period [for the notice of appeal] thus began to run upon entry of the order striking th[e reconsideration] motion.").

Court phrased its order as a "denial without prejudice" with instructions to revise and refile the motion—and not as an order "reserving ruling" on the motion and requiring Defendant to supplement it—the order was invalid. *Contra* Obj. at 6 (arguing that "the Court should have issued an order that reserved a decision on the first motion to reconsider judgment and allowed the movant to supplement it" (cleaned up)). The Court accordingly **OVERRULES** Plaintiff's Objection.

**B.      The Court Once Again Extends Defendant's Deadline to File its Revised Posttrial Motion *Sua Sponte***

As noted, the Court Reporter anticipates completing the transcript in this case by February 10, 2023. The Court therefore anticipates that Defendant will not be able to meet its February 6, 2023 deadline to file its revised posttrial motion. The Court therefore further **EXTENDS** Defendant's deadline to file its revised posttrial motion to **February 24, 2023**.

### III.      CONCLUSION

For the foregoing reasons, the Court

(1)      **OVERRULES** "Plaintiff's Rule 6(b)(2) Objection to Further Rule 50 / Rule 59 Post-Judgment Proceedings" (ECF No. 174); and

(2)      **EXTENDS** Defendant's deadline to file its revised posttrial motion to **February 24, 2023**.

**So ORDERED and SIGNED this 3rd day of February 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**