IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROY AUTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-cv-00154-DCG |
| ) | |
| AHERN RENTALS, INC., d/b/a ) | |
| Ahern Rentals, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
OR, ALTERNATIVELY, TO AMEND THE JUDGMENT**

In accordance with Local Rule CV-7(E), Defendant Ahern Rentals, Inc. serves this reply in support of its renewed motion for judgment as a matter of law.

### I. INTRODUCTION

In its motion for judgment as a matter of law made at the close of Plaintiff' Roy Autry's case and again after both sides closed, and its renewed motion following the entry of the Court's judgment, Ahern has argued consistently that judgment should be entered dismissing Autry's claims because no evidence supports the jury's finding that Curtis Torres was Autry's supervisor, and absent that finding, the judgment in favor of Autry cannot stand. Similarly, after moving for judgment at trial and objecting to the submission of the predicate questions in the Court's charge to the jury, in its original motion filed post-trial, Ahern alternatively argued that the judgment should be amended to eliminate the jury's award of punitive damages because there was no evidence that Torres was acting in a managerial capacity when he harassed Autry.

In his response, Autry makes three arguments, only one of which addresses the merits of Ahern's motion. First, he claims that the amended motion Ahern filed at the direction of the Court, is untimely. Second, he contends that Ahern's amended motion impermissibly expands the grounds asserted in the motion it made at trial. Finally, in addressing the merits, Autry contends that Torres was Autry's supervisor because of his limited participation in the termination of two other outside salespersons. Autry is wrong on all three counts.

## II.  ARGUMENT AND AUTHORITIES

### A.  The amended motion was timely filed and does not assert grounds for relief that were not presented at trial or in Ahern's post-trial motion.

The Court has already addressed Autry's first argument—that Ahern's amended motion was untimely because it was filed more than 28 days after the Court entered judgment—in its February 3, 2023 Order overruling Autry's objection to the Court's order extending the due date for filing the amended motion. As this Court stated, "when a litigant amends a posttrial motion that the court has not yet resolved on the merits, that amendment relates back to the original motion's filing date for timeliness purposes." ECF #175 at p.6.

Ahern can add nothing more to what the Court said in that order.  Ahern, however, notes that the question of whether the amended motion was timely filed has no practical significance in this case for two reasons.

First, the principal cases Autry relies upon, *Martinez v. Carson*, 697 F.3d 1252 (10th Cir. 2012), and *iiiTec, Ltd. v. Weatherford Technology Holdings, L.L.C.*, No. 22-20076, 2022 WL 17960462 (5th Cir. Dec. 27, 2022), presented a threshold jurisdictional issue: whether the party filing the amended motion had timely appealed the district court's denial of its motion. Here, by contrast, there is no issue concerning either this Court's continuing jurisdiction to consider the

amended motion or the timeliness of any appeal that either side may take because Plaintiff's motion for an award of attorney's fees (ECF #164) was timely filed and remains pending.

Second, the grounds asserted in both the original motion and the amended motion are the same: no evidence supports the jury's finding that Curtis Torres was Autry's supervisor and, alternatively, the judgment should be amended to delete the award of punitive damages. And since the Court retains jurisdiction to modify its judgment, it must address the merits of Ahern's arguments, regardless of whether it chooses to do so in considering the original motion or the amended motion.

Autry's second argument—that Ahern's amended motion—asserts grounds not presented in its trial motion is equally unavailing. After both parties closed, Ahern specifically argued that Torres was not Autry's supervisor because there was no evidence that he had the authority to take any tangible action against Autry. And after overruling Ahern's motion for judgment as a matter of law, Ahern objected to the submission of Question 1a on the grounds that there was no evidence that Torres was Autry's supervisor. Similarly, at the conclusion of phase 2 of the bifurcated trial, Ahern objected to the submission of Question 2 to the jury on the grounds that there was no evidence that Torres was acting in a managerial capacity when he harassed Autry (as the jury found in phase 1 of the trial). By raising these arguments before submission of the case to the jury, Ahern preserved its right to challenge the sufficiency of the evidence supporting the jury's finding that Torres was one of Autry's supervisors, as well as the sufficiency of the evidence supporting the award of punitive damages. *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1245 (5th Cir. 1997); *Jones v. Benefit Trust Life Ins. Co.*, 800 F.2d 1397, 1401 (5th Cir. 1986); Fed. R. Civ. P. 50(a)(2).

**B. The evidence does not support the jury's finding that Torres was Autry's supervisor.**

To be Autry's "supervisor," Torres must have been "empowered by [Ahern] to take tangible employment actions against [Autry]." *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2012). Autry was therefore required to come forward with evidence that Torres had the authority "to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 431 (quoting *Ellerth*, at 524 U.S. 742, 761 (1998)). Ahern produced evidence that Torres had no such authority. And while the jury could have rejected this evidence, Autry—who carried the burden of proof on the issue—produced no evidence to the contrary.

In his response to Ahern's motion, Autry suggests that the jury could have inferred that "Torres exercised firing authority over" Autry because "Torres signed off on three outside salesmen's terminations and previously participated in a pre-termination disciplinary action against Autry." (Response at 10). The evidence Autry points to, however, does not support a reasonable inference that Torres had the authority to fire Autry.

In the first place, it is undisputed that Torres did not fire Autry. Rather, Autry was fired by Anthony Buttshaw—and while Buttshaw indisputably was Autry's supervisor, the jury rejected his claim that Buttshaw harassed him. (ECF #149 at 6). Autry nevertheless argues that Torres' was present in the meeting at which Buttshaw fired him, and that Torres' signature on the Personnel Action Form evidencing Autry's termination, is some evidence that Torres had the authority to fire him. (Response at 7-8).[1] Torres and Stock, however, testified that Torres had no role in

---

[1] Neither Autry nor Torres testified that Torres was actually present when Buttshaw fired Autry. The only evidence Autry cites as supporting this claim is that Torres signed the Personnel Action Form. Torres, however, signed the document on December 5, 2018, the day *after* Buttshaw—who actually fired Autry, signed the Form. (ECF #183-1 at 81).

**Defendant's Reply in Support of its Renewed Motion for Judgment as a Matter of Law or, Alternatively, to Amend the Judgment - Page 4 of 9**

recommending, approving or authorizing Autry's termination. (ECF #183-1 at 23, 60). Autry, moreover, came forward with no evidence to the contrary; indeed, Autry himself did not testify or even suggest that Torres had any decision-making role in his termination. Furthermore, the Personnel Action Form documenting Autry's termination identified his "supervisor" as Kevin Harley, the Sales Manager—not Torres. (ECF#183-1 at 81). More fundamentally, the mere fact that Torres "signed off" on the Form proves nothing. Autry, who carried the burden of proving Torres was his supervisor, did not come forward with any evidence showing why Torres signed the document or the explaining the significance, if any, of Torres' signature on the Form.

Second, Torres "participation" in what Autry calls a "pre-termination disciplinary action" consisted only of providing factual information to Kevin Stock in connection with credits Autry had extended to his customers. Stock consulted Torres because this affected the profitability of the El Paso branch. (ECF #183-1 at 44). Autry, however, produced no evidence that Torres initiated the investigation into the credits issue or had any influence over Stock's decision to issue a Performance Improvement Notice to Autry. Indeed, the Performance Improvement Notice itself describes Torres only as a "witness." (ECF #183-1 at 75). As a matter of both law and logic, no inference of "firing authority" on Torres' part may be drawn from his "participation" as anything more than a witness in a disciplinary action taken by Stock.

The same is true of the evidence that Torres "signed off" on the termination of other outside salespersons, decisions that were made by Buttshaw and Stock. Torres testified he had no role in the termination of Hector Avila. (ECF #183-1 at 23). And Avila—like Autry—offered no testimony to the contrary. Stock, moreover, confirmed that he was the one involved in the decision to fire Avila. (ECF #183-1 at 57). And while Torres' signature appears on the Personnel Action Form documenting Avila's termination, the Form identifies Harley—not Torres—as Avila's

supervisor. (ECF #183-1 at 83). Again, the mere fact that Torres signed the Form says nothing about his authority to take any action against Avila.

Torres was, admittedly, the person who told Cesar Macias that he was being fired, and Torres signed the Personnel Action Form documenting Macias' termination. As Stock explained, however, he was the individual who made the decision to fire Macias, and he would have normally been the person to communicate this to Macias but could not because he was away from the El Paso branch at the time. (ECF #183-1 at 54-55). Merely communicating a decision to an employee does not make the messenger the decisionmaker.

In short, the evidence Autry points to, whether considered separately or cumulatively, simply does not support a reasonable inference that Torres had the authority to take any tangible action against Autry and was therefore his supervisor. The jury's finding to the contrary lacks evidentiary support and does not support the judgment in Autry's favor.[2]

None of the cases cited in Autry's response hold otherwise. In *Macaddino v. Inland Am. Retail Mgmt.*, LLC, No. 12 C 8655, 2015 WL 1281475 (N.D. Ill. Mar. 18, 2015), a summary judgment decision, the "primary actor" was the plaintiff's "direct supervisor" and was "empowered [him] to discipline" the plaintiff. *Id.* at *37. Similarly, in *Lindquist v. Tanner*, No. CA 2:11-3181-RMG, 2013 WL 4441946 (D.S.C. Aug. 15, 2013). Another summary judgment case, the plaintiff produced evidence that the alleged supervisor was the individual who hired her, stated that he "owned" the plaintiff, and had the authority to direct her work activities. *Id.* at *10. And in *Lolonga-Gedeon v. Child & Family Services*, 144 F. Supp.3d 438 (W.D.N.Y. 2015), yet

---

[2] Autry also suggests the Court's ruling on Ahern's motion for summary judgment supports the jury's finding that Torres was Autry's supervisor. (Response at 8). Autry ignores the procedural posture of the case. When a case has been fully tried on the merits, the question for the Court is whether the evidence adduced at trial supports the jury's ultimate findings. *Black v. Pan Am Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011).

**Defendant's Reply in Support of its Renewed Motion for Judgment as a Matter of Law or, Alternatively, to Amend the Judgment - Page 6 of 9**

another summary judgment case, the plaintiff's alleged supervisor "had the power to take disciplinary actions so long as she 'consult[ed]' with higher management," "was identified as Plaintiff's supervisor on her yearly evaluations, threatened Plaintiff with termination, and seemingly had input into the ultimate decision to terminate Plaintiff's employment." *Id.* at 440-41. In this case, by contrast, after a full trial on the merits, Autry produced no comparable evidence of Torres' authority.

### C. There is no evidence Torres was acting in a managerial capacity and the jury's findings that Ahern did not know and had no reason to know that Autry was being harassed by Torres demonstrate as much.

Under Title VII and section 1981, punitive damages are "available against a principal only when, inter alia, an agent employed in a managerial capacity acts in the scope of employment." *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999)). As the Court instructed the jury in this case, to award punitive damages against Ahern, Autry was required to prove that Torres, "[t]he individual who engaged in the discriminatory act or practice[,] was acting in a managerial capacity." (ECF #151 at 7).

To show that Torres' conduct fell within this instruction, Autry relies upon the same evidence he claims shows that Torres was his supervisor: that he "signed off" on Autry's termination and "participated" in one disciplinary action Stock took against Autry. (Response at 10-11). Even if that evidence could support the jury's finding that Torres was Autry's supervisor (and it cannot for the reasons stated above), it does not support a finding that Torres was acting in a managerial capacity when he harassed Autry. *See Griffin v. Citgo Petroleum Corp.*, No. 07-790, 2008 WL 4642897 (W.D. La. Oct. 20, 2008) (foreman who was not a supervisor under *Vance* was not employed by defendant employer in a "managerial capacity" when he harassed plaintiff), *aff'd*, 344 F. App'x 866 (5th Cir. 2009).

Furthermore, Autry made no complaint that Torres harassed him in conjunction with either his termination or the Performance Improvement Notice Stock gave Autry before Buttshaw fired him. There is simply no nexus between Torres' "managerial actions" (such as they were) in these two instances and the harassment Autry complained of. Rather, the harassing conduct Autry complained of occurred at other times when Torres was not acting as Autry's "supervisor" or in a managerial capacity.

This is significant because Autry's response faults Ahern for not taking action on complaints Autry and his fellow salespersons allegedly made concerning Torres. Autry claims Ahern's failure to investigate these complaints (many of which allegedly concerned Stock, Buttshaw and other executive employees who were not shown to have harassed Autry) demonstrates Ahern did not act in good faith. (Response at 12-15). But the jury's failure to find that Ahern knew, or in the exercise of reasonable diligence should have known, of the conduct Autry complained of (ECF #149 at 11) demonstrates the fallacy of that argument. Ahern could not be expected to investigate and correct conduct it was neither aware of nor charged with knowledge of. On this record, the evidence Ahern produced showing that it promulgated an anti-harassment policy and, when informed of violations of that policy, enforced it, were sufficient to show that Torres' harassing conduct did not occur in his managerial capacity.

### III.  CONCLUSION

For the foregoing reasons, as well as those stated in its motion, judgment should be entered dismissing Autry's claims against Ahern. In the alternative, the judgment should be amended to eliminate the award of punitive damages.

DATED: March 15, 2023

**Defendant's Reply in Support of its Renewed Motion for Judgment as a Matter of Law or, Alternatively, to Amend the Judgment - Page 8 of 9**

                Respectfully submitted,

                **WINDLE HOOD NORTON**
                  **BRITTAIN & JAY, LLP**
                201 East Main, Suite 1350
                El Paso, Texas 79901
                (915) 545-4900
                (915) 545-4911 Fax

By:  */s/ Joseph L. Hood, Jr.*
                **JOSEPH L. HOOD, JR.**
                State Bar No. 09943250
                hood@windlehood.com

                **DARRYL J. SILVERA**
                State Bar No. 18352280
                dsilvera@silveralaw.com
                **THE SILVERA FIRM**
                17070 Dallas Parkway, Suite 100
                Dallas, Texas 75248
                (972) 715-1750
                (972) 715-1759 Fax

                Attorneys for Defendant
                Ahern Rentals, Inc.

## **CERTIFICATE OF SERVICE**

     In accordance with Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that, on March 15, 2023, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF System, which will give notice of the filing of this instrument to:

 Enrique Chavez, Jr.
Chavez Law Firm
2101 Stanton Street
El Paso, Texas 79902

Kirk Michael Cooper
Cooper Appeals, P.L.L.C.
10420 Montwood Drive, Suite N-405
El Paso, Texas 79935

                */s/ Joseph L. Hood, Jr.*
                **JOSEPH L. HOOD, JR.**